IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. ABA-24-336 |
| JENNIFER TINKER, | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

12:31 pm, Nov 10 2025
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___R.C.___ Deputy

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on November 19, 2024, the United States of America filed an Information, charging Jennifer Tinker (the "Defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343 (Count One). ECF No. 1;

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek forfeiture, upon conviction of the Defendant, of the offense alleged in Count One of the Information. *Id.* at 5;

WHEREAS, on July 10, 2025, the Defendant pled guilty to the offense alleged in Count One of the Information. ECF No. 39;

WHEREAS, as part of her guilty plea, the Defendant agreed to entry of an order of forfeiture, as part of the Defendant's sentence, to include a money judgment of at least **$1,091,250.00** in U.S. currency equal to the value of the property derived from, or otherwise involved in, the Defendant's offense. *Id.* at 7;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is

now entitled to a Preliminary Order of Forfeiture imposing a money judgment in the amount of **$1,091,250.00** in U.S. currency against the Defendant;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, a **forfeiture money judgment in the amount of $1,091,250.00** in U.S. currency is hereby entered against the Defendant.

3. The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3) and (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(6) and (c)(1) of the Federal Rules of Criminal Procedure, no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her

sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

7.  The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

SO ORDERED this __10th__ day of __November__, 2025.

_____
The Honorable Adam B. Ableson
United States District Judge

3